UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES R. BUCHANAN, et al.,

    Plaintiffs,

v.                                                        No.: 3:06-cv-20
                                                             (VARLAN)

SHERIFF TIM GUIDER,

    Defendant.

## MEMORANDUM AND ORDER

    This is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983. The action was filed by nine prisoners in the Loudon County Justice Center. Because the plaintiffs did not pay the $250.00 filing fee[1] nor submit applications to proceed *in forma pauperis*, plaintiffs were given thirty days to pay the filing fee or to submit the proper documents to proceed *in forma pauperis*. The following eight plaintiffs have failed to respond to the court's order within the time required: James B. Buchanan, John Gardner, Jeffrey Milligan, Alex Porter, Jeff Pritchard, James Ross, Robert Lanter, and Greg Williams. Accordingly, this action is **DISMISSED WITH PREJUDICE**, for failure to prosecute and to comply with the order of the court, as to these eight plaintiffs. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

---

[1] Plaintiffs submitted their complaint before the filing fee increased from $250.00 to $350.00.

Only one of the plaintiffs, Allen Hanshaw, submitted an application to proceed *in forma pauperis*. It appears from the application that plaintiff Hanshaw lacks sufficient financial resources to pay the $250.00 filing fee. Pursuant to 28 U.S.C. § 1915(b)(4), plaintiff Hanshaw will be allowed to proceed without the prepayment of costs or fees or security therefor. However, for the following reasons, process shall not issue and this action is **DISMISSED WITHOUT PREJUDICE** as to plaintiff Hanshaw.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is an inmate in the Loudon County Justice Center. His complaint sets forth numerous claims regarding the alleged unconstitutional conditions of his confinement; he seeks to maintain this case as a class action. The defendant is Loudon County Sheriff Tim Guider.

Within the body of the complaint, plaintiff states that many grievances have been filed about the jail conditions, but with no reply or action taken. Plaintiff does not claim to have filed a grievance himself as to each alleged constitutional violation, nor has he provided the court with a copy of any grievance or described with specificity the grievances, particularly with reference to each alleged constitutional violation. Thus, plaintiff has not shown that he has exhausted all available remedies. Accordingly, plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiffs are all inmates, each is assessed a pro rata share of the civil filing fee of $250.00, to-wit, $27.77 each. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of each plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until plaintiff's pro rata share of the filing fee as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Loudon County, Tennessee, and the county attorney for Loudon County, Tennessee, to ensure that the custodian of the plaintiffs' inmate trust accounts complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE